*Western Division*

**WAYNE HARRIS, p.p.a.**
**and**
**WILLIAM W. HARRIS**
**v.**
**THE GREAT ATLANTIC & PACIFIC**
**TEA COMPANY, INC.**

(January 10, 1962)

*Present:* Riley, P.J., Hobson & Garvey, JJ.

Case tried to *Cimini, J.,* in the District Court of Lee.

*Garvey, J.* The report states that this

action of tort or contract is for "breach of warranty". The minor plaintiff (plaintiff) in Count 1 seeks to recover damages for personal injuries and in Count 2 his father seeks recovery for consequential damages. The defendant's answer is a general denial. There was a finding for the defendant.

We assume from the requests for rulings of law, from the judge's findings and rulings, and from the briefs of the parties that the expression "breach of warranty" means breach of an implied warranty of merchantability under G. L. (Ter. Ed.) c. 106, §2-314. The reported evidence indicates it was tried and considered on that basis.

The judge made the following special findings:

"This is an action of contract or tort whereby the plaintiff seeks to recover for himself and his minor son for injury received by said minor son, Wayne Harris, *while attempting to open a beer bottle.*

I find that the plaintiff, William W. Harris, the father of Wayne Harris, purchased (on December 31, 1960 the reported evidence states) a quart bottle of beer from the defendant. He took the bottle home and that same evening asked his son, Wayne, a nine year old boy, to take the bottle out of the refrigerator and to open it. The boy did as he was requested and in the process of opening the bottle, the neck broke off inflicting a cut on the boy's finger.

"I find for the defendant on the theory that there was no privity of contract as between the minor plaintiff and the defendant and for the reason that the defendant had no reason to expect that said minor plaintiff would be affected in any manner by the sale of the bottle of beer."

The case is reported at the request of the plaintiff who claims to be aggrieved by the denial of three of his requests for rulings of law. We consider as pertinent only the denial of the request reading:

"In accordance with the provisions of G. L. c. 106, §2-314, in any sale there is a warranty that the goods shall be merchantable. Therefore, a finding for the plaintiff would be warranted as a matter of law."

This request, we think, directed the judge's consideration to the assertion by the plaintiff that, as a member of the buyer's family under the provisions of Uniform Commercial Code G. L. c. 106 (applied to all sales after October 1, 1958) he would be entitled to the benefits of the implied warranty of merchantability running with the bottle of beer sold to his father. There was error in its denial.

The applicable sections of G. L. c. 106 relating to implied warranties and to whom they extend read:

Sec. 2-314 (1) "Unless excluded or modified by section 2-316, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to

goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale." The warranty applies to the bottle. *Hadley v. Hillcrest Dairy Inc.,* 1961 A.S. 53.

Sec. 2-314 (2) (e) "Goods to be merchantable must at least be such as are fit for the ordinary purposes for which such goods are used."

Sec. 2-318 "A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may *use, consume or be affected by* the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section." (Emphasis supplied).

The plaintiff is one of the class of third parties now made beneficiaries of this warranty. Privity of contract, required under the predecessor Sales Act, is not now, on these facts, necessary. The trial judge's ruling that he found for the defendant on the theory that there "was no privity of contract" between the plaintiff and defendant; *was not correct.*

No case law being found or cited we are of the opinion it was also error to rule "that the defendant had no reason to expect that said minor plaintiff would be affected in any manner by the sale of the bottle of beer". If considered a finding of fact, there was no evidence reported to support it. Apparently the judge was of the opinion that because the bottle contained an alcoholic beverage a

nine year old child wouldn't be expected to handle or be affected by it. We don't think merchants share his opinion — we don't. Children of this age are to be observed daily in modern stores handling bottled merchandise of all kinds at the invitation of sellers. It is "reasonable" to expect that they are thereby subject to being "affected" and "injured".

It was of no consequence that the bottle contained beer instead of milk, ginger ale, or one of the many kinds of beverages regularly purchased, used and consumed by members of families. There was nothing illegal, as argued by the defendant, in the plaintiff's handling of the bottle in his home. Bottled beer is part of the legal larder of many homes, and is frequently handled, and sometimes consumed with parental approval, by children. It was to be expected by the seller, in usual circumstances, that a father retained the parental perogative of having his son fetch him a cold bottle of beer.

Prejudicial error being found, a new trial is ordered.

Andrew T. Campoli of Pittsfield, for the Plaintiff.
F. M. Myers of Pittsfield, for the Defendant.